UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                     Case No. 8:20-cr-195-T-35AAS

MICHAEL NOLAN                    /

~~SEALED~~
REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY

The defendant, by consent, appeared before me under to Rule 11, Fed. R. Crim. P. and Rule 6.01(c)(12), M.D. Fla. Rules, and pleaded guilty to count one of the information[1]. After cautioning and examining the defendant under oath concerning each of the subjects in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the facts he admitted establish the essential elements of such offense. Therefore, I recommend accepting his guilty plea and adjudicating him guilty.

Due to the national emergency created by the novel coronavirus and consistent with the authority provided by Section 15002 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act and Chief Judge Merryday's June 29th Administrative Order, 8:20-mc-25 (M.D. Fla. June 29, 2020), I conducted the change of plea hearing by videoconference. I did not postpone the change of plea hearing because I found delay of the hearing would cause a serious harm to the interests of justice. More specifically, the court conducted his initial appearance and *Garcia* hearing in conjunction with the change of plea hearing all by videoconference.

---

[1] At the hearing, the inquiry required by Rule 7(b) Fed. R. Crim. P., was conducted and the defendant's written waiver of indictment was accepted.

The defendant consented to appearing by videoconference, and both the defendant and defense counsel indicated they had discussed the hearing format in advance. The government did not object to the videoconference format. The defendant's image and voice were clear, and I confirmed all participants could see and hear all other participants clearly.

Date: July 31, 2020

*[Signature: Amanda Arnold Sansone]*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.